UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

KEVIN MATHIS                                    CIVIL ACTION NO. 3:17-CV-0516

VS.                                             SECTION P

                                                JUDGE ROBERT G. JAMES

SHERIFFS DEPT. RICHLAND PARISH,                 MAGISTRATE JUDGE HAYES
ET AL.

## REPORT AND RECOMMENDATION

Pro se plaintiff Kevin Mathis, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on April 7, 2017. [Rec. Doc. 1]  He filed an Amended Complaint on May 8, 2017. [Rec. Doc. 6]  Plaintiff is an inmate at the Richland Parish Detention Center (RPDC).  He names as defendants the Richland Parish Sheriffs Department, Joel Weatherly, Ricky Scott, J.T. Searcey, RPDC Nursing Staff, Candy, Jamie, Cora, Ms. Stampleton, Erica, Deputy Duschene and Sgt. John S.  He seeks compensatory damages.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Statement of the Case

Plaintiff asserts that on February 19, 2017, he was involved in a physical altercation with another inmate, Josh Haydell, who continued to smoke in plaintiff's bed area, despite being asked to stop.  When plaintiff confronted Haydell on that day, Haydell swung at plaintiff, who ducked, grabbed Haydell, and held him down.  Plaintiff asserts that he never hit Haydell.  On February 21, 2017, plaintiff was taken to lockdown, where he remained as of the date of the filing of his Amended

Complaint on May 8, 2017.  He complains that he has not been given a toothbrush, face towel or clothes while in lockdown and is only let out of his cell one time a day to shower.  He  also complains that Haydell, a *white* male, did not go to lockdown following the fight.  However, Haydell was later caught bringing in cigarettes on February 27, 2017, and did spend 4 days in lockdown. Plaintiff asserts that he only spent a short time, and was not charged with contraband, because he's a friend of defendants Weatherly and Searcey.

On March 30, 2017, plaintiff filed a grievance report, to which Warden Scott did not respond. Plaintiff later stopped Chief Searcey to explain what happened with he and Haydell.  Searcey told him, "Ain't no ['n'-word] gone make him or his buddy (Haydell) look like a wuss." [Rec. Doc. 1, p. 6]

Plaintiff also claims that he fears for his life as he was stabbed in December 2016, by Dorian Riley, the inmate across from him in lockdown.  He alleges that Riley makes threats towards him because he knows all high-security lockdown inmates shower together.  After making an offhanded comment, "I might as well kill myself if ya'll gone (sic) leave me back here and ya'll (Weatherly and Williams) hear (Dorian Riley) saying he gone (sic) stab me again when we go shower," he was placed on suicide watch.  Upon trying to explain the "indirect statement" to Captain Weatherly, the Captain told him to "shut the 'f' up and get his black ass in there before he beats me to death." [Rec. Doc. 1, p. 5]  Plaintiff disputes any notion that prison officials actually believe he is a suicide risk, noting there are three large plastic bags in his cell, as well as a sheet and a razor. [Rec. Doc. 1, p. 6]

Plaintiff also complains that when he asked Nurse Jamie why neither she, nor no one from the nursing staff, came to talk to him about being on suicide watch she said they were "mad because I ain't killed myself yet, then laughed."  *Id.*

2

Plaintiff wrote a second grievance because he felt the Administration was "being unfair and showing racism and favoritism towards" him, based on the arrival and departure of three inmates in lockdown. [Rec. Doc. 6, p. 1] First, Jerome Jackson was placed in lockdown for a fight and released in 2 days. Larry Brown, charged with murdering a black male, was in lockdown for fighting and disrespecting officers. Johnny Perkins, charged with murdering a black male, stayed in lockdown for fighting, and was sent back to the dorm. On April 28, 2017, when plaintiff asked why these inmates were released from lockdown, Sgt. John, Captain Weatherly and Chief Searcey told plaintiff, "Kevin Mathis you got an attempt (sic) murder on our kind." When asked to clarify, Sgt. John tells Searcey to "explain that to him in white folks language." Searcey responds, "Kevin your ['n'-word] ass is accused of shooting a white person." Weatherly then says, "Do you understand that, or should I talk 'monkey-language.'" *Id.* at pp. 1-2.

In his May 4, 2017, Amended Complaint, plaintiff also alleges that Deputy Dushene and Sgt. John S. purposefully lost page 6 of the "legal mail" he received from the Court on April 19, 2017. Upon receiving another copy from the Court, he asserts that Captain Weatherly and the Warden have made negative comments about his lawsuit.

### Law and Analysis

#### A. Screening

Plaintiff is a prisoner seeking redress from an officer or employee of a governmental entity who has been permitted to proceed *in forma pauperis.* Accordingly, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Since he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte*

dismissal of the complaint, or any portion thereof, if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007);  *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

### B. *Destruction of Legal Document*

Plaintiff's allegation that Deputy Duschene and Sgt. John S. purposefully lost a page of his legal documents sent by this Court does not provide a basis for a federal claim.  A deprivation of personal property, including legal documents, does not provide the basis for a federal claim where

4

state tort law provides a remedy. The Supreme Court has ruled that a state actor's unauthorized deprivation of a prisoner's property, whether negligent or intentional, does not result in a violation of due process rights if the State provides an adequate post-deprivation remedy. *Alexander v. Ieyoub*, 62 F.3d 709, 712 (5th Cir.1995) (citing *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled in part on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986)); *accord Wilson v. Holt*, 158 F. App'x 546, 546 (5th Cir.2005).

In *Hudson*, a state prisoner filed suit under § 1983 alleging that, during a search of his prison cell, a guard deliberately and maliciously destroyed some of his property, including legal papers. *Hudson*, 468 U.S. at 519–20. The Supreme Court found no violation of his Fourth or Fourteenth Amendment rights actionable under § 1983 because state law provided the prisoner with an adequate post-deprivation remedy. *Id.* at 536. The Fifth Circuit has clearly recognized that Louisiana law provides an adequate remedy for both intentional and negligent deprivations of property. *Hutchinson v. Prudhomme*, 79 Fed. App'x 54, 55 (5th Cir.2003); *Copsey v. Swearingen*, 36 F.3d 1336, 1342–43 (5th Cir.1994); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir.1984). Accordingly, plaintiff has failed to state a claim for which relief can be granted.

### C.    *Verbal Taunts*

Plaintiff makes allegations against the Nursing Staff, including Candy, Jamie, Cora, Erica and Ms. Stampleton and other prison officials for taunting him and made derogatory comments based on his race. Such activity, while deplorable, does not state a cause of action since allegations of verbal abuse do not present an actionable section 1983 claim. *Bender v. Brumley*, 1 F.3d 271, 274 (5th Cir.1993). The threatening language and gestures of a custodial officer do not amount to a constitutional violation. *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.); cert. denied, 464 U.S.

998, 104 S. Ct. 499, 78 L. Ed. 2d 691 (1983)(quoting *Coyle v. Hughs*, 436 F. Supp. 591, 593

(W.D.Okla.1977)). Consequently, these allegations lack an arguable basis in law and are frivolous.

*Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

### D.  Richland Parish Sheriffs Department

Plaintiff has also sued the Richland Parish Sheriff's Department. A Louisiana parish sheriff's

office is not a legal entity capable of being sued. *Cozzo v. Tangipahoa Parish Council-President*

*Government*, 279 F.3d 273, 283 (5th Cir.2002); *Causey v. Parish of Tangipahoa*, 167 F.Supp.2d 898,

904 (E.D.La.2001); *Wetzel v. St. Tammany Parish Jail*, 610 F.Supp.2d 545, 548 (E.D.La.2009);

*Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D.La.1988). Accordingly, the Richland Parish

Sheriff's Department should be dismissed.

Therefore,

**IT IS RECOMMENDED** that plaintiff's claims regarding destruction of his property, and

against Deputy Duschene, be **DISMISSED WITH PREJUDICE** as frivolous pursuant to the

provision of 28. U.S.C. 1915(e)(2)[1].

**IT IS FURTHER RECOMMENDED** that all claims against the RPDC Nursing Staff,

Jamie, Candy, Cora, Erica and Ms. Stampleton AND the Richland Parish Sheriffs Department be

**DISMISSED WITH PREJUDICE** as frivolous pursuant to the provision of 28. U.S.C. 1915(e)(2).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation to

file specific, written objections with the Clerk of Court. A party may respond to another party's

---

[1]Plaintiff's claims related to his confinement in lockdown will be addressed in a separate
service of process order.

objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, July 26, 2017.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**